DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-MJ-71712 MAG |
| Plaintiff, | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME; [~~PROPOSED~~] ORDER |
| v. | |
| ANDREW CHAPIN, | |
| Defendant. | |

The parties first appeared on November 24, 2020. Defense counsel specially appeared for the defendant and the matter was continued to December 9, 2020, for further status and identification of counsel. Time has been excluded through December 9, 2020. The defendant also waived the time for preliminary hearing through December 9, 2020. The defendant was released on $350,000 bond, $250,000 of which is to be secured by real property. The Court ordered the defendant to perfect the bond by filing the required paperwork with the Clerk's Office no later than December 9, 2020.

In light of the ongoing pandemic, the parties jointly request that the status and identification of counsel hearing set for December 9, 2020 be continued to January 6, 2021. The defense has obtained the required bond documents and is in the process of providing those documents to the Clerk. Accordingly,

1  the parties request that the deadline to secure the bond likewise be extended to January 6, 2021.

2  It is further stipulated by and between counsel for the United States and counsel for defendant
3  Andrew Chapin, that time be excluded under the Speedy Trial Act from December 9, 2020 through
4  January 6, 2021. Defendant Chapin waives the time for a preliminary hearing on the Complaint under
5  Rule 5.1 of the Federal Rules of Criminal Procedure through January 6, 2021.

6  The parties stipulate and agree that an exclusion of time is appropriate given the complexity of
7  the case, which involves a large number of financial records, the time available for indictment under the
8  circumstances within the time specified by 18 U.S.C. § 3161(b), and for effective preparation. *See* 18
9  U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525
10 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the
11 exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial
12 period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir.
13 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as
14 here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty
15 days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

16  The parties further stipulate and agree that the ends of justice served by excluding the time from
17 December 9, 2020 through January 6, 2021, from computation under the Speedy Trial Act outweigh the
18 best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

19  The undersigned Assistant United States Attorney certifies that he has obtained approval from
20 counsel for the defendant to file this stipulation and proposed order.

21  SO STIPULATED.

22  DATED: December 8, 2020              /s/
                                          SCOTT D. JOINER
23                                        Assistant United States Attorney

24

25  DATED: December 8, 2020              /s/
                                          RANDY SUE POLLOCK
26                                        Counsel for Defendant Andrew Chapin

27

28

STIPULATION TO CONTINUE AND EXCLUDE TIME; [PROPOSED] ORDER
CR 20-MJ-71712

## [~~PROPOSED~~] ORDER

Pursuant to stipulation, the status and identification of counsel hearing currently set for December 9, 2020, is HEREBY CONTINUED to January 6, 2021. Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from December 9, 2020 through January 6, 2021, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that excluding the time from December 9, 2020 through January 6, 2021, is appropriate in light of the complexity of the case, which the parties represent includes a large number of financial records and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and public health orders, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from December 9, 2020 through January 6, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from December 9, 2020 through January 6, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with

/ /

/ /

/ /

1   the consent of the Defendant through January 6, 2021.

2       IT IS SO ORDERED.

4   DATED: December 8, 2020            _____
                                             HON. LAUREL BEELER
                                             UNITED STATES MAGISTRATE JUDGE