DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
SCOTT JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kimberly.hopkins@usdoj.gov
    Scott.Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-mj-71712 MAG |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER [PROPOSED] |
| v. | |
| ANDREW CHAPIN, | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Protective Order:

    Defendant is charged with violations of 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1344 (bank fraud); and 15 U.S.C. § 78j(b) and 78ff, 17 C.F.R. § 240.10b-5 (securities fraud). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    1. Personal Identifying Information of any individual (other than his or her name), including

without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter and related ancillary proceedings, i.e. the related civil action brought by the S.E.C., unless specifically authorized by the Court.

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
3:20-mj-71712 MAG

1   This Order shall also apply to any copies made of any materials covered by this Order.

2   **IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

3   **IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

///

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

STIPULATION AND PROTECTIVE ORDER [~~PROPOSED~~]
3:20-mj-71712 MAG

**IT IS SO STIPULATED.**

DAVID L. ANDERSON
United States Attorney

Dated: January 4, 2021

__/s/_____
KIMBERLY HOPKINS
SCOTT JOINER
Assistant United States Attorneys


__/s/_____
RANDY SUE POLLOCK
Counsel for Defendant CHAPIN

**IT IS SO ORDERED.**

Dated:   1/4/2021

_____
THE HONORABLE ALEX G. TSE
United States Magistrate Judge

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
3:20-mj-71712 MAG